IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RECORD STEEL AND CONSTRUCTION, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2274C (Judge Lettow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint of plaintiff, Record Steel and Construction, Inc. ("Record Steel"), defendant admits, denies, and alleges as follows:

I. JURISDICTION

1. The allegations contained in paragraph 1 are conclusions of law to which no response is required, to the extent that they may be deemed allegations of fact, they are denied.

II. PARTIES

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

3. Admits.

III. FACTS

4. Admits the allegations contained in paragraph 4 to the extent supported by Contract DACA67-00-D-0202 and Task Order #1, FY2000 Dormitory, Offut AFB Nebraska, which are the best evidence of their contents; otherwise denies the allegations

contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by Request for Proposals and contract cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 5.

6. Denies the allegations contained in the first sentence of paragraph 6. Admits the allegations contained in the second sentence of paragraph 6 to the extent supported by the Foundation Analysis Report cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 6. Denies the remaining allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the "Report of Geotechnical Investigation for FY 2000 Dormitory, Nelson Drive, Offut Air Force Base, Bellevue, Nebraska" cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits that, at the design review meeting held on October 3, 2000, "the parties agreed that nuclear density testing would be conducted at actual footing depth," otherwise denies the remaining allegations contained in paragraph 9.

10. Admits.

11. Admits that defendant directed plaintiff to comply with the contractual requirement for overexcavation, otherwise denies the remaining allegations contained in

paragraph 11.

12. The allegations contained in paragraph 12 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. Admits the allegations contained in paragraph 13 that plaintiff submitted a certified claim seeking equitable adjustment and sought a contract time extension, otherwise denies the remaining allegations found in paragraph 13.

14. Admits the allegations contained in the first and second sentences of paragraph 14 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first and second sentences of paragraph 14. The allegations contained in the third sentence of paragraph 14 are conclusions of law to which no response is required, to the extent that they may be deemed allegations of fact, they are denied.

COUNT I (Constructive Change)

15. Defendant's responses to paragraphs 1 through 14 of the complaint are incorporated by reference.

16. The allegations contained in paragraph 16 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief set forth in paragraph 16, or to any relief whatsoever.

COUNT II (Extra Work)

17. Defendant's responses to paragraphs 1 through 16 of the complaint are incorporated by reference.

18. The allegations contained in paragraph 18 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief set forth in paragraph 18, or to any relief whatsoever.

COUNT III (Declaratory Relief Relative to Contractor Evaluation)

19. Defendant's responses to paragraphs 1 through 18 of the complaint are incorporated by reference.

20. Denies.

21. Denies.

22. Denies that plaintiff is entitled to the relief set forth in its prayer for relief (numbered 1-3) following paragraph 21, or to any relief whatsoever.

23. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377

Attorneys for Defendant

OF COUNSEL:
THOMAS J. TRACY
Department of the Army
Corps of Engineers,
Omaha District
106 South 15th Street
Omaha, Nebraska 68102-1618

January 30, 2004

CERTIFICATE OF FILING

I hereby certify that on this 30th day of January, 2004, a copy of the foregoing Motion for Enlargement of Time was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that this 30th day of January, 2004, I caused to be served by United States mail (first class, postage prepaid) copies of "DEFENDANT'S ANSWER" addressed as follows:

John Spencer Stewart
Stewart Sokol & Gray, LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation
Branch
Civil Division
Department of Justice