IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RECORD STEEL AND CONSTRUCTION, INC., | ) | |
| Plaintiff, | ) | No. 03-2274C |
| v. | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff and defendant respectfully submit the following joint preliminary status report:

**a. Jurisdiction**

Plaintiff asserts that the Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491 *et seq*. and 41 U.S.C. § 609 *et seq*. Defendant has identified no reason to question the jurisdiction of the Court at this time, except with regard to Count III of the complaint.

**b. Consolidation**

The parties agree that this case should not be consolidated with any other case.

**c. Bifurcation**

The parties agree that trial of liability and damages should not be bifurcated.

**d. Deferral**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**e. Remand/Suspension**

The parties agree that no remand or suspension will be sought.

**f. Joinder**

The parties are not aware of any additional parties to be joined at this time.

**g. Dispositive Motions**

At this time, defendant intends to file a motion to dismiss/motion for summary judgment pursuant to Rules 12(b) and 56 of the Rules of the United States Court of Federal Claims ("RCFC"), within 45 days of this report. Plaintiff has not yet determined if it will be filing any motions pursuant to RCFC 12(b), 12(c), or 56.

**h. Relevant Issues**

(1) Whether plaintiff was required to over excavate the footings of the subject dormitory pursuant to the contract and Final Foundation Analysis Report or whether the report merely provided recommendations with respect to the structural foundations.

(2) Whether plaintiff was required to over excavate the footings of the subject dormitory as a matter of fact.

(2) Whether defendant's requirement that plaintiff over excavate the footings amounted to a constructive change to the project and entitles plaintiff to an equitable adjustment.

(3) Whether defendant's requirement that plaintiff over excavate the footings resulted in extra work and entitles plaintiff to an equitable adjustment.

(4) What is the amount of equitable adjustment for any constructive change or extra work?

(5) Whether plaintiff is entitled to declaratory relief relative to defendant's evaluation of the contractor.

(6) Whether plaintiff is entitled to an extension of contract time by virtue of the alleged constructive changes in the Project and therefore remission and return of liquidated damages assessed and held by defendant, together with interest.

**i. Settlement**

At this time, the parties cannot state whether this case can be settled. The parties will pursue settlement negotiations in good faith as the litigation progresses. At this time, the parties cannot state whether alternative dispute resolution will be productive.

**j. Trial**

After this Court has resolved any dispositive motions and discovery has been completed, this case may proceed to trial. The parties do not request expedited trial scheduling. The parties can not agree upon the trial location. Defendant respectfully requests that any trial be held Omaha, Nebraska; plaintiff respectfully requests that any trial be held in Boise, Idaho, or in the alternative, Denver, Colorado.

**k. Electronic Case Management**

The parties are not aware of any special issues regarding electronic case management needs at this time.

**l. Additional Information**

There is no additional information of which the Court should be aware at this time.

**m. Proposed Discovery Plan**

Counsel for both parties believe that discovery will be necessary, in the event that defendant's anticipated dispositive motion is denied or denied in part. The parties may conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and/or depositions. The parties propose a discovery deadline of 120 days from the date that defendant's dispositive motion is resolved.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

/s/ John Spencer Stewart
JOHN SPENCER STEWART
Stewart Sokol & Gray, LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Tele: (503) 221 0699
jstewart@lawssg.com

Attorney for Plaintiff

March 22, 2004

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377
Steven.Mager@usdoj.gov

Attorneys for Defendant

March 22, 2004

CERTIFICATE OF FILING/SERVICE

I hereby certify that on this 22nd day of March, 2004, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify under penalty of perjury that on this 22nd day of March 2004, I caused to be sent by first-class mail, copies of "JOINT PRELIMINARY STATUS REPORT" addressed as follows:

John Spencer Stewart
Stewart Sokol & Gray, LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation
Branch
Civil Division
Department of Justice