IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RECORD STEEL AND CONSTRUCTION, INC., Plaintiff, | ) | No. 03-2274C (Judge Lettow) |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |

**AFFIDAVIT OF ROBERT V. STEVENS, P.E.**

State of Washington )
) ss
County of King )

1. I am a project designer at the firm of WJADC, and was the project engineer for the building that the plaintiff in the above captioned action, Record Steel and Construction, Inc. ("Record Steel"), built at the Offutt base in Nebraska (the "project"). I am over the age of 18 and competent to testify to the matters in this affidavit. I have personal knowledge of the matters in this affidavit, which I make in support of Record Steel's opposition to defendants' motion for summary judgment and in support of Record's cross-motion for partial summary judgment.

2. I have been a licensed structural / civil engineer for 24 years. I have been a project designer for 20 years. This affidavit is based not only on my personal knowledge of the design of this project, but also on my years of experience as a structural / civil engineer.

3. I specifically recall reviewing the government's geotechnical report at the time I designed the building Record Steel built at the Offutt base in Nebraska.

4. Immediately upon reviewing the contract and the government's

geotechnical report, I concluded, as any reasonably engineer would have done in my opinion, that the sections relating to the over excavation underneath the building's footings was a design recommendation and not a design requirement. In my opinion, the ultimate goal of the geotechnical report was to require a design that would reduce the amount the building would settle to one inch, and that the government's geotechnical report recommended that over excavation would achieve that goal. I reached that conclusion for two principal reasons. First, the government's geotechnical report uses equivocal language, and, specifically, merely "recommends" over excavation, while using unequivocal language in other areas of the report. Second, the borings that supported the government's geotechnical report alerted me that the project was being built in an area that <u>might</u> include problem soils, while the fact that the borings upon which the government's geotechnical report relied were not within the building's actual footprint indicated to me that the geotechnical engineer intended to convey to the designer that additional geotechnical investigation not only was appropriate but also was required.

5. In my opinion, therefore, any reasonable engineer would assume that the recommended over excavation program in the government's geotechnical report would be part of the design only if the actual soil conditions required it, based on another, more complete and less equivocal geotechnical report. In sum, I believe a reasonable engineer would conclude that he was designing "in accordance with" the government's geotechnical report by obtaining a more precise geotechnical report and then designing in accordance with the results of the more precise geotechnical report. That is because, in my opinion, the government's geotechnical report merely warns of potential problems,

raises a "red flag" regarding the possibility of problem soils, and makes a "recommendation," but indicates to a reasonable engineer that he should do his own geotechnical work before settling on a final design.

6. I remember discussing the over excavation issue with the principal of Record Steel. I was certain at the time that over excavation was not a design requirement, but, rather, a design recommendation. Record Steel agreed to hire a local geotechnical firm to obtain an additional geotechnical report. Because the design of the footings for the building's footings would be the same whether over excavation was required or not, I then proceeded to design the building while waiting for the new

///

///

///

///

///

///

///

geotechnical report. Ultimately, the geotechnical firm hired by Record Steel recommended against over excavation based on its more comprehensive and accurate assessment of the soil where the project was to be built. Therefore, and in my opinion "in accordance with" the original government geotechnical report's indication that additional geotechnical work be done, I designed the project to be constructed without over excavation.

DATED this 4TH day of June, 2004.

[signature]
Robert V. Stevens, P.E.

SUBSCRIBED AND SWORN to before me this 4th day of June, 2004.

C. N. SHIELDS BELGARDT
STATE OF WASHINGTON
NOTARY PUBLIC
MY COMMISSION EXPIRES 10-31-05

CN Belgardt
Notary Public for Washington
My Commission Expires: 31 Oct. '04

W:\WORK\RBC\Record Steel\Offut\Pleadings\Affidavit.Stevens.CrossMSJ.wpd

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June, 2004, a copy of the foregoing Affidavit of Robert V. Stevens, P.E. in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for Partial Summary Judgment was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ John Spencer Stewart

John Spencer Stewart
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone: (503) 221-0699
Fax: (503) 223-5706; (503) 419-0281

Dated: June 7, 2004

Of Counsel:

Robert B. Coleman
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone: (503) 221-0699
Fax: (503) 223-5706