**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| RECORD STEEL AND CONSTRUCTION, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2274C (Judge Lettow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM REGARDING PROCEDURE FOR REVIEW OF CONTRACTING OFFICER'S PERFORMANCE EVALUATION**

On September 19, 2005, the Court ordered that Plaintiff, Record Steel and Construction, Inc., file a memorandum regarding the procedure for reviewing the Government's performance evaluation.

As determined by the Court in its October 19, 2004 Opinion and Order, Slip Op. at 13-17, Record Steel & Construction, Inc. v. U.S., 62 Fed. Cl. 508, 518-20 (2004), this Court has jurisdiction to review the Government's performance evaluation of Plaintiff under the Contract Disputes Act, 41 U.S.C. § 601, et. seq. (the "CDA"). As provided in 41 U.S.C. § 609(a)(3), review of a CDA claim is "de novo." As stated in Wilner v. U.S., 24 F.3d 1397, 1401-02 (Fed. Cir. 1994) (en banc) (internal citations omitted):

> The plain language of the CDA and our decision in Assurance also make it clear that, in court litigation, a contractor is not entitled to the benefit of any presumption arising from the contracting officer's decision. De novo review precludes reliance upon the presumed correctness of the decision. Thus, once an action is brought following a contracting officer's decision, the parties start in court with a clean slate.

The Court's review of the performance evaluation must be de novo. Accordingly, the proper procedure is for the Court to receive evidence and hear testimony at trial or on a motion concerning the performance evaluation. Plaintiff believes that the Government substantially agrees that this is the proper procedure.

Plaintiff agrees with the Government that the documents submitted by the Government as related to the performance evaluation issue are not an administrative record. Plaintiff's position is that they should not be considered by the Court, except, of course, to the extent they are introduced into evidence by the parties at trial or in support of a motion. Plaintiff's position also is that the declaration of Jennifer McQueen should not be considered by the Court at this time. The Government expressly stated that it presented the declaration of Jennifer McQueen to supplement the documents it filed to the extent the Court determined those "documents constitute an administrative record." Defendant's Motion for Leave to Manually File Documents and Motion for Leave to Supplement at 2. Because the documents presented are not appropriately reviewed as an administrative record, "supplementing" the administrative record is not possible. To the extent Ms. McQueen has first hand knowledge related to the performance evaluation, she may testify, without special deference being accorded to her version of events.

Respectfully submitted,

s/ John Spencer Stewart
John Spencer Stewart
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone: (503) 221-0699
Fax: (503) 223-5706; (503) 419-0281

Dated: February 7, 2006

W:\Work\Clients Q-S\Record Steel\Offutt.Over Exc\RBC\Pleadings\Memorandum Re Review of Evaluation.wpd

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of February, 2006, a copy of the foregoing **PLAINTIFF'S MEMORANDUM REGARDING PROCEDURE FOR REVIEW OF CONTRACTING OFFICER'S PERFORMANCE EVALUATION** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ John Spencer Stewart

John Spencer Stewart
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone: (503) 221-0699
Fax: (503) 223-5706; (503) 419-0281

Dated: February 7, 2006

Of Counsel:

Robert B. Coleman
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone: (503) 221-0699
Fax: (503) 223-5706