**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| RECORD STEEL AND CONSTRUCTION, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2274C (Judge Lettow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM REGARDING THE PROCEDURAL ASPECTS OF REVIEW OF EVALUATION IN RESPONSE TO THE COURT'S SEPTEMBER 19, 2005 ORDER**

The United States files this memorandum in compliance with this Court's September 19, 2005 order requiring the filing of a brief on the procedural aspects of the Court's review of one aspect of this case. On September 19, 2005, this Court ordered the Government to produce an administrative record, in accordance with Rule of the United States Court of Federal Claims ("RCFC") 56.1, for the performance evaluation of Record Steel and Construction, Inc. ("Record Steel") that was prepared by the United States Department of the Army, Corps of Engineers ("Army Corps") at the conclusion of the contract at issue in this case. In compliance with the Court's order, on January 25, 2006, we manually filed documents to act as the administrative record, while simultaneously noting our objections to such filing. On February 8, 2006, Record Steel filed its memorandum, in which it asserted that "review of the performance evaluation must be de novo" and objected to any record review of the performance evaluation. Pl. Mem. at 2.

The United States agrees with Record Steel to the extent that it asserts that this Court cannot properly review the performance evaluation pursuant to RCFC 56.1. Specifically, there

are two principal difficulties with review of the performance evaluation utilizing RCFC 56.1: (1) no actual administrative record exists for the performance evaluation, and (2) record review is not appropriate in a Contract Disputes Act ("CDA") dispute. Thus, while there may be a number of valid procedural options to resolve this portion of Record Steel's complaint, review pursuant to RCFC 56.1 is not among these options.

## ARGUMENT

### I. No Administrative Record Exists For The Creation Of The Performance Evaluation

Record review may be appropriate in cases in which a clearly defined administrative record exists. For example, in formal adjudication or rulemaking proceedings which are reviewed pursuant to the Administrative Procedures Act ("APA"),[1] the administrative record generally consists of a contemporaneous record compiled by the agency during such proceedings. Accordingly, the existence and content of the administrative record is well defined prior to any judicial review of agency action. Similarly, in military pay disputes, a judicial review "is normally limited to the administrative record developed before the military board," inclusive of the plaintiff's military personnel records, medical records, and pay records. Bateson v. United States, 48 Fed. Cl. 162, 164 (citing Long v. United States, 12 Cl. Ct. 174, 177 (1987)). Such a record is traditionally defined prior to judicial review.

In the context of a bid protest, record review pursuant to the APA is mandated by this Court's jurisdictional statute, 28 U.S.C. § 1491(b)(4). In such cases, the contents of the administrative record are clearly defined at the outset by rule and by the bid evaluation procedure

[1] The Court of Federal Claims, however, lacks jurisdiction to entertain APA disputes. See Murphy v. United States, 993 F.2d 871, 874 (Fed. Cir.1993)

itself. This Court has issued specific guidelines as to what should be contained in an administrative record. RCFC App. C, ¶ 22. During the procurement process, an agency creates the contemporaneous record which may then be reviewed by the Court. As such, the record is a pre-defined compilation of historical documents.

In contrast, in this case, there are no guidelines for the creation of an administrative record for a performance evaluation. At the time of decision making, the agency had no guidance to inform the creation of a contemporaneous administrative record. Accordingly, as noted in the Declaration of Jennifer McQueen, the performance evaluation was drafted using "personal observations" and the Government's "accumulated contemporary working experiences with Record Steel and Construction, rather than a simple examination of documents." McQueen Decl. ¶ 2. This evaluation was "discussed" with the Resident Engineer and the Area Engineer. Id. Accordingly, there is no administrative record for the performance evaluation.

## II. The Court Cannot Use RCFC 56.1 To Resolve A Contract Disputes Act Matter

Even if this Court is generally possessed of the jurisdiction to require the creation of an administrative record for a contract performance evaluation, RCFC 56.1 is not a proper vehicle for resolving a Contract Disputes Act case. Indeed, the conflicts inherent in the review of a performance evaluation under the Contract Disputes Act emphasize that the Court lacks jurisdiction to review such matters.

Resolution of a motion pursuant to Rule 56.1 requires the Court to determine – based solely upon the administrative record – whether a plaintiff has met its burden of proof to establish that an agency's action was arbitrary and capricious. See Bannum, Inc. v. United States, 404 F.3d 1346, 1355 (Fed. Cir. 2005) (discussing the operation of Rule 56.1). The Court

reviews the challenged agency's decision pursuant to the relevant APA standards. Cincom Sys. Inc. v. United States, 37 Fed. Cl. 663, 671 (1997) (citing E.W. Bliss Co. v. United States, 77 F.3d 445, 447 (Fed. Cir. 1996)); see 5 U.S.C. § 706; Central Ark. Maintenance, Inc. v. United States, 68 F.3d 1338, 1341-42 (Fed. Cir. 1995). Under 56.1, the scope of "judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743 (1985) (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)). Part of the rationale behind this decision is to prevent a usurpation of the administrative function by a court. Accordingly, "[t]he reviewing court is not generally empowered to conduct a de novo inquiry into the matters being reviewed and to reach its own conclusions based on such an inquiry." Id. at 744 (emphasis added).

In contrast, review of agency action by this Court pursuant to the Contract Disputes Act is de novo. The specific findings of fact of the contracting officer, "if made, shall not be binding in any subsequent proceeding." 41 U.S.C. § 605(a). Any appeal of a contracting officer's decision to the Court of Federal Claims is to proceed "de novo in accordance with the rules of the . . . court." 41 U.S.C. § 609(a)(3). Such de novo review "precludes reliance upon the presumed correctness of the decision [of the contracting officer]." Wilner v. United States, 24 F.3d 1397 (Fed. Cir. 1994) (en banc) (citing Renegotiation Bd. v. Bannercraft Clothing Co., 415 U.S. 1, 23 (1974)).

Thus, there is an inherent tension between this Court's assertion of jurisdiction over Record Steel's performance evaluation "claim" pursuant to the Contract Disputes Act, and the application by the Court of RCFC 56.1 to that "claim," which limits the scope of review to an administrative record. The scope of review pursuant to RCFC 56.1 is not de novo, but this Court

has asserted jurisdiction over the purported "claim" pursuant to the CDA that requires a broader de novo review. Accordingly, we respectfully request that the Court follow the mandates of the statute that purportedly serves as the basis of its jurisdiction, which would not permit review of the performance evaluation utilizing RCFC 56.1.

The United States, however, for the reasons stated in our previous motion, respectfully disagrees that the Court possesses jurisdiction to review Record Steel's performance evaluation pursuant to the CDA, as provided by the Court's October 19, 2004 Order and Opinion. Accordingly, we respectfully request that the Court reconsider its October 19, 2004 Order and Opinion to the extent that the Court determined that it possessed jurisdiction to review Record Steel's performance evaluation.[2] We respectfully disagree with the Court's opinion describing review of a performance evaluation under the CDA as a "permissive alternative" to APA review. Indeed, these statutes are not alternatives, but rather very distinct jurisdictional frameworks. A properly plead APA claim establishes the jurisdiction of a United States District Court to review a final agency action. In district court, utilizing the APA, Record Steel's claim would clearly be reviewed pursuant to an "arbitrary and capricious" standard. A properly plead CDA claim, if meeting the statutory prerequisites, establishes the jurisdiction of this Court to review the rights and obligations of the parties to a Government contract. Utilizing the CDA, Record Steel's claim

---

[2] To prevail upon a motion for reconsideration, the movant must show that: (a) an intervening change in the controlling law has occurred; (b) evidence not previously available has become available; or (c) that the motion is necessary to prevent manifest injustice. See Bishop v. United States, 26 Cl. Ct. 281, 286 (1991). "A court, therefore, will not grant a motion for reconsideration if the movant 'merely reasserts . . . arguments previously made . . . all of which were carefully considered by the Court.'" Crowley v. United States, 56 Fed. Cl. 291, 294 (2003), quoting, Ammex, Inc. v. United States, 52 Fed. Cl. 555, 557 (2002).

generally would be reviewed pursuant to a preponderance of the evidence standard.[3] This clear distinction between the standards of review, depending upon the forum, highlights that the Court is not intended to possess jurisdiction over Record Steel's "claim" based upon it's the individual "marginal" scores found in its overall "satisfactory" performance evaluation. Finally, we do not believe that this Court possesses the authority to require that an agency amend its subjective performance evaluation; which requires equitable relief upon agency actions that are highly discretionary in nature and which have no direct bearing on the contract at issue.

In any event, even utilizing the de novo scope of review mandated by the CDA, the Court may choose to utilize a discretionary standard of review (such as APA review). Indeed, a deferential standard of review can be compatible with a broader de novo review in certain instances. This is especially the case where a contractor seeks to review a highly discretionary and subjective matter, such as performance determinations. See, e.g., Burnside-Ott Aviation Training Center v. Dalton, 107 F.3d 854 (Fed. Cir. 1997) (award fee determination reviewed under arbitrary and capricious standard). Similarly, notwithstanding that there is no administrative record, trial may not be necessary for resolving the dispute relating to the performance evaluation. If that dispute can be disposed of upon issues of law, then we would recommend utilizing summary judgment procedures pursuant to RCFC 56. Summary judgment may serve as a "salutary method of disposition 'designed to secure the just, speedy, and inexpensive determination of every action.'" Sweats Fashions, Inc. v. Pannill Knitting Co., 833 F.2d 1560, 1562 (Fed. Cir. 1987) (quoting Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).

---

[3]As we argue below, it is possible that the Court may utilize a discretionary standard of review, in the context of the CDA.

**CONCLUSION**

For the above stated reasons, we respectfully request that the Court determine that it cannot review Record Steel's performance evaluation claims pursuant to RCFC 56.1.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St. NW
Washington, D.C. 20530
Tele: (202) 616-2377
Steven.Mager@usdoj.gov

February 22, 2006

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on this 22nd day of February, 2006, a copy of "DEFENDANT'S MEMORANDUM REGARDING THE PROCEDURAL ASPECTS OF REVIEW OF EVALUATION IN RESPONSE TO THE COURT'S SEPTEMBER 19, 2005 ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice